UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GDONGALAY PARLO BERRY, #241961, | ) ) ) |
| Petitioner, | ) ) No. 3:17-cv-01033 |
| | ) CHIEF JUDGE CRENSHAW |
| v. | ) ) |
| TONY MAYS, Warden, | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Gdongalay Parlo Berry, an inmate of the Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus challenging his conviction and sentence for two counts of first-degree premeditated murder, two counts of first-degree felony murder, two counts of especially aggravated kidnapping, and two counts of especially aggravated robbery. (Doc. No. 1). The Respondent has filed a motion to dismiss the petition (Doc. No. 11), to which the Petitioner has responded in opposition. (Doc. Nos. 12 & 13). The Petitioner also has filed a motion to reconsider the Court's Order denying the Petitioner's motion for the appointment of counsel. (Doc. No. 15).

## I.  Introduction

The Petitioner was convicted of two counts of premeditated murder, two counts of felony murder, two counts of especially aggravated kidnapping, and two counts of especially aggravated robbery in connection with the deaths of D'angelo McKinley Lee and Gregory Lanier Ewing. State v. Berry, 141 S.W.3d 549, 553 (Tenn. 2004). The Petitioner received a death sentence on each of the first-degree murder convictions, with an effective fifty-year consecutive sentence on the remaining

1

convictions. Id. On direct appeal, his convictions and sentences were affirmed. Id. at 554; State v. Berry, No. M2001-02023-CCA-R3-DD, 2003 WL 1855099 (Tenn. Crim. App. Apr. 10, 2013).

The Petitioner then filed a petition for post-conviction relief. The trial court reversed the Petitioner's death sentence and granted him a new capital sentencing hearing. Berry v. State, 366 S.W.3d 160, 165 (Tenn. Crim. App. 2011). The trial court's decision was affirmed on post-conviction appeal, and the Tennessee Supreme Court denied discretionary review. Id. The Supreme Court denied the Petitioner's petition for writ of certiorari. Berry v. Tennessee, 568 U.S. 840 (2012).

The Petitioner then filed a petition for writ of error coram nobis, which the trial court denied. Berry v. State, No. M2015-00052-CCA-R3-ECN, 2016 WL 1161216, at *1 (Tenn. Crim. App. Mar. 23, 2016). The trial court stayed the resentencing proceedings on remand until the Petitioner completed his appeal of the denial of error coram nobis relief. Id. The Court of Criminal Appeals affirmed the lower court's decision, and the Tennessee Supreme Court denied discretionary review. Id.

Afterward, the trial court proceeded with the Petitioner's resentencing on the capital offenses. The State withdrew its notice of intent to seek the death penalty (Docket No. 11-2), but moved the court for consecutive sentencing. (Docket No. 11-3). After a hearing, the trial court imposed consecutive life sentences for the murder convictions. (Docket No. 11-4, 11-5). On April 27, 2017, the Petitioner filed a notice of appeal. (Docket No. 11-6). The direct appeal proceedings are currently pending before the Tennessee Court of Criminal Appeals. (Docket No. 11-7).

On June 23, 2017, the Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court. (Docket No. 1 at 24). By Order entered on September 7, 2017, the Court directed the Respondent to file a response to the petition. (Docket No. 7). The Respondent filed a motion to dismiss the habeas corpus petition without prejudice on the ground that the Petitioner's state-court judgments are not yet final. (Docket No. 11). The Petitioner filed a memorandum in

opposition, arguing that he need not exhaust his state court remedies with respect to his double jeopardy claim. (Doc. Nos. 12 & 13).

## II. Motion to Dismiss

In his motion to dismiss, the Respondent urges the Court to dismiss the petition without prejudice while the Petitioner exhausts his state remedies. (Doc. No. 11-1 at 1).

Before a federal court will review the merits of a claim brought under § 2254, a petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir. 1985)(stating that the law is well established that a petition for federal habeas corpus relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. Wilwording v. Swenson, 404 U.S. 249, 250 (1971). A claim must be "properly" exhausted, meaning it must be "fairly presented" through "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The burden of showing compliance with the exhaustion requirement rests with the petitioner. Darr v. Burford, 339 U.S. 200, 218-19 (1950)(overruled in part on other grounds by Fay v. Noia, 372 U.S. 391 (1963)); Prather v. Rees, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

In Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court held that a district court must dismiss a "mixed" § 2254 petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Id. at 510. Subsequently, in Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to

stay a mixed habeas petition to allow the prisoner to exhaust his unexhausted claims. Id. at 277-78.

Here, the Petitioner has not fully exhausted all of the claims in state court that he wishes to pursue in this action. After the Petitioner was resentenced on the capital offenses, the Petitioner appealed. The Petitioner's direct appeal proceedings are currently pending before the Tennessee Court of Criminal Appeals. (Docket No. 11-7). Therefore, the Petitioner's state court judgments are not yet final. See Rashad v. Lafler, 675 F.3d 564, 569 (6th Cir. 2012)(holding that a petitioner whose sentence has been vacated does not have a complete judgment for federal habeas corpus purposes until "the conclusion of direct review of the new sentence he received at resentencing"); Burton v. Stewart, 549 U.S. 147, 798 (2007)("Final judgment in a criminal case means sentence. The sentence is the judgment.")(quotation omitted). Moreover, the Petitioner may still seek post-conviction remedies in the state court after direct review is finished. See Doc. No. 1 at 22 (Petitioner indicated that he has filed, or plans to file, a petition that challenges his state court judgment or sentence to be served in the future).

Although the Petitioner contends that he is not required to exhaust the state court process before pursuing his double jeopardy claim in a federal habeas proceeding, he is mistaken. "As a condition precedent to seeking federal habeas corpus relief, **each** of the petitioner's claim must have been fairly presented to the state courts." Rhines v. Weber, 544 U.S. 269, 275 (2005)(emphasis added). State court remedies are still available to the Petitioner, and he is in fact pursuing them. Once the Petitioner's federal claims have been presented to the highest state court available, the exhaustion requirement is satisfied, even if that court refuses to consider the claims. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). In Tennessee, the Petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Adams v. Holland, 324 F.3d 838, 843-44 (6th Cir. 2003).

4

### III. Conclusion

In an abundance of caution, rather that dismiss the petition as the Respondent urges and potentially bar future federal habeas review of some or all of the Petitioner's claims, the Court will deny the Petitioner's motion to dismiss and stay the petition pending the Petitioner's exhaustion of state court remedies. Accordingly, the Respondent's motion to dismiss without prejudice (Doc. No. 11) will be denied, and this action will be stayed and abeyed. The Petitioner's motion to reconsider the Court's decision to deny the appointment of counsel (Doc. No. 15) therefore will be denied as moot.

The Clerk will be directed to administratively close the case. Additionally, the Respondent will be ordered to notify the Court in writing within 30 days after any pending state court proceedings have concluded. The Court cautions the Petitioner that, if he does not move to reopen this matter in a timely fashion once his state court proceedings have concluded, he may be barred from obtaining federal habeas review of his claims.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE